Andrew M. Schatz
Jeffrey S. Nobel
Mark P. Kindall (CA BAR # 138703)
SCHATZ NOBEL IZARD P.C. E-FILING
20 Church Street, Suite 1700
Hartford, Connecticut 06103
Tel:  (860) 493-6292
Fax:  (860) 493-6290
aschatz@snilaw.com
jnobel@snilaw.com
mkindall@snilaw.com

ADR

**Counsel for Plaintiff
Thomas O'Reilly**

ORIGINAL FILED
07 OCT 11 PM 1: 24
RICHARD W. WIEKING
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THOMAS O'REILLY,<br><br>Plaintiff<br><br>v.<br><br>LDK SOLAR, CO., LTD.,<br>XIAOFENG PENG, XINGXUE TONG,<br>and JACK LAI,<br><br>Defendant. | CASE NO.:<br>**C07 05205 CRB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Thomas O'Reilly, on behalf of himself and all others similarly situated, allege the following facts for their Class Action Complaint (the "Complaint").

### NATURE OF THE ACTION

1. This is a class action on behalf of all persons who purchased the American Depository Shares (the "Shares" or "ADS") of Defendant LDK Solar Co., Ltd. ("LDK") from August 1, 2007 through and including October 3, 2007 (the "Class Period" and the "Class"). Excluded from the Class are Defendants, members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to (i) Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa *et seq.* (the "Exchange Act"); and/or (ii) 28 U.S.C. §§ 1331 and 1337. The claims asserted in the Complaint arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)) and Rule 10b-5 (17 C.F.R. § 240.10b-5) promulgated by the SEC.

3. Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b). LDK's principal executive office in the United States was located at all relevant times at 1290 Oakmead Parkway, Sunnyvale, CA 94085 and a substantial part of the events or omissions giving rise to the claims complained of herein occurred in this District.

4. In connection with the wrongs alleged herein, Defendants used the instrumentalities of interstate commerce, including the United States mails, interstate wire and telephone facilities, and the facilities of the national securities markets.

## THE PARTIES

5. Plaintiff Thomas O'Reilly purchased Shares during the Class Period as set forth in a Certification of Named Plaintiff attached hereto and has suffered losses as a result of the wrongdoing more particularly described herein.

6. Defendant LDK is a Cayman Islands corporation with its executive offices and principal place of business in the United States located at 1290 Oakmead Parkway, Sunnyvale, CA 94085.

7. During the Class Period, Defendant Xiaofeng Peng ("Peng") was the Chief Executive Officer of LDK, and was a Chairman of the Company's Board of Directors.

8. During the Class Period, Defendant Xingxue Tong ("Tong") was the President and Chief Operating Officer of LDK.

9. During the Class Period, Defendant Jack Lai ("Lai") was the Executive Vice President, Chief Financial Officer and Secretary of LDK.

10. Defendants Peng, Tong and Lai are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities who purchased the American Depository Shares of LDK between August 1, 2007 and October 3, 2007, inclusive (the "Class"). Excluded from the Class are Defendants, members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

12. The members of the Class are so numerous that joinder of all members is impracticable. Although the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes there are, at a minimum, thousands of members of the Class who purchased LDK Shares during the Class Period. As set forth in the Company's Prospectus, filed with the SEC on Form F-1 on May 31, 2007 (the "Prospectus), the Company offered over 17 million American Depository Shares in connection with its initial public offering, listed on the New York Stock Exchange ("NYSE") under the symbol "LDK."

13. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether the federal securities laws were violated by Defendants' acts as alleged herein;

    b. whether Defendants issued false and misleading statements during the Class Period;

    c. whether Defendants acted knowingly and/or recklessly in issuing false and misleading statements;

    d. whether the market price of LDK American Depository Shares during the Class Period was artificially inflated because of Defendants' conduct complained of herein; and

    e. whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

14. Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained damages arising out of Defendants' wrongful conduct in

violation of federal law as complained of herein.

15. Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class actions and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

17. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

    a. Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

    b. the omissions and misrepresentations were material;

    c. the American Depository Shares of the Company traded in an efficient market, as it traded at a high weekly volume, was followed and reported on by securities analysts, had numerous market makers, was eligible to file SEC registration form S-3, and there are empirical facts showing a cause and effect relationship between unexpected corporate events or financial news and an immediate response in the Share price;

    d. the misrepresentations and omissions alleged would tend to mislead a reasonable investor concerning LDK's business and/or financial condition; and

    e. Plaintiff and members of the Class purchased their LDK Shares at prices that were artificially inflated due to Defendants' material misrepresentations and omissions.

## SUBSTANTIVE ALLEGATIONS

18. LDK is a manufacturer of multicrystalline solar wafers, which are the principal raw material used to produce solar cells. LDK sells multicrystalline wafers globally to manufacturers of photovoltaic products, including solar cells and solar modules. In addition, the company provides wafer processing services to monocrystalline and multicrystalline solar cell and module manufacturers. LDK's headquarters and manufacturing facilities are located in

Hi-Tech Industrial Park, Xinyu City, Jiangxi province in the People's Republic of China. The company's office in the United States is located in Sunnyvale, California.

19. On May 31, 2007, LDK filed a prospectus for its initial public offering of 17,384,000 American Depository Shares on SEC form F-1. The prospectus included a summary of LDK's consolidated financial and operating results, which included, *inter alia,* the Company's financial statements for the following periods: (1) the period from July 5, 2005 (the date of the LDK's inception) to December 31, 2006, (2) the year ended December 31, 2006 and (3) the three months ended March 31, 2007. The Prospectus reported inventory of $94,886,000 for the year ended December 31, 2006 and $114,205,000 for the three months ended March 31, 2007.

20. The Company's ADS's began trading on the NYSE on June 1, 2007.

21. On August 1, 2007, LDK reported its financial results for the Second Quarter ended June 30, 2007 on SEC Form 6-K. As part of its 6-K filing, LDK reported $173,788,000 in inventories for the three months ended June 30, 2007 and $114,205,000 in inventories for the three months ended March 31, 2007.

22. The price of LDK Shares reached a Class Period high of $70.95 on September 27, 2007.

23. On October 3, 2007, after the close of the market, it was reported that Piper Jaffray & Co. had reported, *inter alia*, that LDK's former Financial Controller, Charley Situ had resigned amid allegations of poor financial controls and inventory discrepancies, including a 250-tonne inventory discrepancy.

24. On October 4, 2007, prior to the commencement of trading, LDK disclosed that its former Financial Controller, Charley Situ sent email letters after his termination to LDK's management and others alleging inconsistencies in LDK's inventory reporting. LDK issued the following statement:

> A few days ago, a former financial staff member of LDK, Charley Situ, who was terminated for cause on September 25, 2007, sent email letters to LDK's management and others subsequent to his termination alleging inconsistencies in LDK's inventory reporting. Mr. Situ was originally hired as a Financial Controller in March, 2007, reporting to Qiqiang Yao, LDK's Vice President and Chief Accounting Officer, who reports to Jack Lai, Executive Vice President and Chief Financial Officer. In response to the allegations and in accordance with instructions of the board of directors, LDK's management team and board of